# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE WALKER, #KG7791, | |
| Plaintiff, | CIVIL ACTION NO. 4:23-cv-01235 |
| v. | (SAPORITO, M.J.) |
| JANE/JOHN DOE, | |
| Defendant(s). | |

## ORDER

On July 26, 2023, the clerk received and lodged for filing a *pro se* complaint submitted by the plaintiff, Antoine Walker, a convicted state prisoner. (Doc. 1.) In his *pro se* complaint, the plaintiff asserts a state-law claim for damages and declaratory and injunctive relief against unidentified Jane or John Doe defendants.[1] He claims that the unidentified defendant(s) stole his identity and caused him to receive an IRS CP71C notice in September 2021, which informed him that he had an outstanding balance of $1,372.69 in unpaid federal income taxes for calendar year 2015—a year during which he was incarcerated and earned

---

[1] The complaint cites a state statute creating a cause of action for damages for identity theft. It also expressly asserts a federal civil rights claim under 42 U.S.C. § 1983, but it does not allege any state action by the unidentified defendant(s).

no taxable income.[2]

The plaintiff subsequently filed two applications to proceed *in forma pauperis*. (Doc. 5; Doc. 8.) On August 15, 2023, we denied the plaintiff's applications to proceed *in forma pauperis* and directed him to remit the requisite $402 filing and administrative fees within thirty days. (Doc. 9.) In doing so, we explained that the plaintiff's inmate account statements indicated that, during the 6-month period before commencement of this action, the plaintiff had access to sufficient funds to prepay the requisite filing and administrative fees—$1,477 in personal gifts had been deposited into Walker's inmate account during that period. (*Id.*) The plaintiff now moves for reconsideration of that order. (Doc. 11.)

Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh v. Pinnacle*

---

[2] We note that the complaint does not allege that the IRS has actually collected this amount from Walker. Indeed, the exhibits attached to the complaint suggest that the IRS had placed an identity theft indicator on Walker's account and was continuing to investigate at the time he submitted his complaint for filing.

*Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

The plaintiff does not dispute receiving the personal gifts identified on his inmate account statement. He argues only that the funds received were sporadic gifts by benefactors who are under no obligation to provide him with any additional funds in the future. He also notes that 25% of any funds deposited are automatically dunned by the state department of corrections to pay his court-imposed financial obligations. *See generally* 42 Pa. Cons. Stat. Ann. § 9728 (mandating collection of court-

imposed restitution, reparation, fees, costs, fines, and penalties).

We find no reasonable basis for reconsideration here. As we noted in our previous order, it is immaterial that the funds available to the plaintiff during this time period may have been originally obtained from sporadic gifts or payments from outside sources. They were deposited into the plaintiff's inmate account to be spent at his discretion. In determining an *in forma pauperis* applicant's financial status, funds are considered available when the applicant has control over or discretionary use of them. *United States v. Konrad*, 730 F.3d 343, 347 (3d Cir. 2013). Even after the automatic deduction of 25% from any such deposits, the plaintiff clearly had access to sufficient funds to pay the full filing and administrative fees ordinarily applicable to civil actions.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (Doc. 11) is **DENIED**.

Dated: September ___1___, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge